FILED
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
2007 JUL 12 A 11: 12
R.OUK

UNITED STATES OF AMERICA

v.

CASE NO.: CR406-309

RANDY S. LENTZ,
REBECCA J. LENTZ,
SCOTT T. BOWLIN,
KIM A. BOWLIN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendants Randy S. Lentz and Rebecca J. Lentz ("Defendants") have filed a Motion to Suppress Evidence (Doc. No. 48), and the Government has filed a Response (Doc. No. 57). For the following reasons, Defendants' Motion should be **DENIED**.

## STATEMENT OF THE CASE

On August 2, 2006, the undersigned issued a search warrant authorizing the search of Defendants' business, the Lentz Medical Practice at 182 Sunset Boulevard in Jesup, Georgia. The facts supporting a finding of probable cause to issue the warrant were established by an affidavit executed by FBI Special Agent Mark A. Alig. Federal Bureau of Investigation ("FBI") and Department of Health and Human Services ("HHS") Agents conducted the search and seized evidence pursuant to the warrant on the same day the warrant was issued.

In their Motion to Suppress, Defendants contend that all evidence seized and all statements made during the searches of their offices should be suppressed as fruits of

an illegal search. Defendants allege that the warrant issued by this Court was not based upon probable cause to believe that evidence of criminal activity would be found at the Lentz Medical Practice. Specifically, Defendants aver that the Special Agent's affidavit: fails to cite specific regulations that were suspected to have been violated; fails to identify specific facts upon which the agent's conclusions were based; and fails to sufficiently connect the suspicion of criminal activity to the Defendants or to the location to be searched. Defendants further allege that the warrant failed to identify items to be seized from the premises with particularity and instead authorized a "general exploratory search" in violation of the Fourth Amendment.

Conversely, the Government asserts that the search warrant was based on probable cause that evidence of criminal activity would be found at Defendants' place of business. The Government further asserts that the warrant did, in fact, identify the items to be seized with sufficient particularity and was not overbroad in its authorization to seize evidence.

## DISCUSSION AND CITATION TO AUTHORITY

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures... ." U.S. CONST. AMEND. IV. "The Amendment protects persons against unreasonable searches of their 'persons [and] houses'. . . ." Minnesota v. Carter, 525 U.S. 83, 88, 119 S. Ct. 469, 473, 142 L. Ed. 2d 373 (1998). The Fourth Amendment further assures that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. AMEND. IV. Probable cause exists where "there is a fair probability

that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983). A defendant moving to suppress evidence obtained through a warrant has the burden of establishing that the warrant is invalid. United States v. Osborne, 630 F.2d 374, 377 (5th Cir. 1980).

I.  **The Search Warrant Was Based Upon Probable Cause**

In analyzing the validity of a warrant, this Court may only consider the information brought to the attention of the judicial officer issuing the warrant. United States v. Lockett, 674 F.2d 843, 845 (11th Cir. 1982). In cases such as this one, where the judicial officer's finding of probable cause was based only upon an affidavit, the Court's review is limited to the four corners of the affidavit itself. Id. The affidavit must be read in a common sense manner, and "great deference [must be] given to the [judicial officer's] finding which should be upheld in marginal or doubtful cases." Id.

Upon reading the affidavit in question in the required common sense fashion, it becomes clear that the facts therein create a "fair probability" that evidence of criminal activity would be found at Defendants' place of business. Defendants were allegedly involved in a scheme of health care fraud, and health care providers involved in such fraud are likely to keep evidence of the scheme at their places of business. Special Agent Alig stated that investigation showed that Defendants Randy Lentz and Scott Bowlin entered a verbal agreement to divide Medicare reimbursements equally among the parties. He stated that investigation included patient interviews and interviews with the Defendants themselves. The affidavit indicated that services for exercise programs administered by Scott Bowlin were being billed to Medicare under CPT code 97110, even though Bowlin informed agents that he was not seeing patients individually as

required by the Medicare guidelines. Defendant Kim Bowlin informed agents that she knew that code 97110 provided the greatest reimbursement rate and therefore used that code to submit claims to Medicare, changing patient diagnoses, places of service, and other matters necessary to have the claims paid by Medicare.

There was also information in the affidavit giving rise to a connection between the suspected criminal activity and the Lentzes and their place of business. Special Agent Alig's affidavit stated that the premises to be searched were "an integral part of the Lentz-Bowlin conspiracy to commit health care fraud." The affidavit indicated that the Lentzes and the Bowlins worked together at the Lentz Medical Practice and at the World Gym, locations bearing the same address, and that patients routinely signed a log maintained at the Lentz Medical Practice and the World Gym. The affidavit clearly indicated a fair probability that documents or items related to the alleged scheme to defraud Medicare would be found at the Lentz Medical Practice.

Defendants contend that Special Agent Alig's affidavit "does not cite any particular regulation or rule" but merely gives the agent's "conclusory opinion" that only one-on-one treatment is reimbursable under the Medicare rules and regulations. (Doc. No. 48, p. 3). However, affidavits attached to search warrant applications are to be interpreted in a common sense, rather than in a hypertechnical, manner. U.S. v. Ventresca, 380 U.S. 102, 109, 85 S. Ct. 741, 746, 13 L. Ed. 2d 684 (1965). Agent Alig's affidavit sufficiently set forth facts upon which the undersigned could find a fair probability that items related to criminal activity, specifically related to a scheme of health care fraud in violation of 18 U.S.C. §§ 371 and 1347, would be found at the

premises. Accordingly, this Court concludes that issuance of the search warrant was supported by probable cause.

## II. The Search Warrant Was Not Overbroad

A general order to search through a person's belongings is not permissible under the Fourth Amendment. A search warrant must enable the officers searching the premises to reasonably ascertain and identify the things which are authorized to be seized. Steele v. United States, 267 U.S. 498, 503, 45 S. Ct. 414, 416, 69 L. Ed. 757 (1925). "The scope of the warrant, and the search, is limited by the extent of the probable cause. . . .[P]robable cause must exist to seize all the items of a particular type described in the warrant. . . .Thus, the concept of breadth may be defined as the requirement that there be probable cause to seize the particular thing named in the warrant." In re Grand Jury Subpoenas, 926 F.2d 847, 857 (9th Cir. 1991) (citations omitted).

Defendants contend that the warrant in question was overbroad and authorized the seizure of items unrelated to illegal activity. However, health care fraud is the type of crime which would be expected to generate evidence in the form of voluminous documents and computer records. Clearly, the warrants are worded broadly enough to encompass many documents and records, but the items sought were also specified as to subject matter and the offense to which they were to relate, so as to avoid the risk of unacceptable generality. The warrant at issue authorized the seizure of "[a]ny and all records . . . relating to services billed to Medicare or Medicaid . . . ." More specifically, the warrant authorized seizure of all documents relating to Medicare and Medicaid billing, including financial records, employee information, proposals or contracts, and

Medicare or Medicaid policies and manuals. "It is universally recognized that the particularity requirement must be applied with a practical margin of flexibility, depending on the type of property to be seized, and that a description of property will be acceptable if it is as specific as the circumstances and nature of activity under investigation permit." U.S. v. Wuagneux, 683 F.2d 1343, 1349 (11th Cir. 1982). The specific seizure authorizations about which Defendants complain, including all employee files and financial records without limitation, "are not so far removed from the crimes alleged that they are not connected to the probable cause allegations, and they do not render the warrants unconstitutionally overbroad." U.S. v. Maali, 346 F. Supp. 2d 1226, 1241 (M.D. Fla. 2004).

Finally, Defendants' contention that the computer searches were somehow invalid is likewise unpersuasive. Defendants object to the fact that the warrant failed to include "a protocol of any kind outlining the methods the government planned to employ, if any, to ensure that the searches conducted of the computer data would be related to the allegations of probable cause, nor require the government to keep a record of the searches conducted on the computer data." (Doc. No. 48, p. 8). However, "the lack of a detailed computer 'search strategy' does not render the warrant deficient as to the search and seizure of computers" in this Circuit. Maali, 346 F.Supp.2d at 1245. The affidavit explained the need to search the computers, and stated that investigation indicated that computers at Defendants' place of business may have contained records identifying patients of the facility whose information was submitted to Medicare for reimbursement. This Court finds no reason to suppress evidence obtained

by search of Defendants' computers. Accordingly, the evidence seized as a result of this search should not be suppressed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Suppress be **DENIED**.

So **REPORTED** and **RECOMMENDED**, this 12th day of June, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE