FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 JUN 12 P 3: 42

CLERK

UNITED STATES OF AMERICA          :
                                  :
                                  :
          v.                      :          CASE NO.: CR406-309
                                  :
                                  :
RANDY S. LENTZ,                   :
REBECCA J. LENTZ,                 :
SCOTT T. BOWLIN,                  :
KIM A. BOWLIN                     :

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Defendants Randy and Rebecca Lentz filed a Joint Motion to Dismiss the Indictment. (Doc. No. 50). Defendants Scott and Kim Bowlin also filed a Motion to Dismiss the Indictment (Doc. No. 31) and a Joint Motion for a Bill of Particulars (Doc. No. 32). The Government has filed Responses to Defendants' motions (Doc. No. 53; Doc. No. 56) and has filed a Bill of Particulars (Doc. No. 67).

In their Motions to Dismiss, Defendants' primary contention is that the Indictment is not sufficiently specific so as to inform them of the nature and cause of the accusations against them. Defendants contend that the indictment is vague and ambiguous, leaving them unable to prepare a proper defense in violation of the Sixth Amendment and open to the risk of double jeopardy in violation of the Fifth Amendment. Additionally, the Lentz Defendants assert that Count One's charge of conspiracy to violate the "anti-kickback statute" fails to properly state an offense.[1] The Government

---

[1] The Bowlin Defendants additionally contend in their Motion to Dismiss that Count One of the Indictment is duplicitous in that it charges two or more separate offenses in one count. (Doc. No. 31, pp. 3-5).

asserts that the charges of the Indictment are properly pled, sufficiently specific, and detail the manner and means by which the crimes were allegedly committed.

## DISCUSSION AND CITATION OF AUTHORITY

I.  **Motions to Dismiss**

    A.  **The Indictment is Sufficiently Specific**

Defendants contend that the Indictment is so insufficient and nonspecific that it fails to permit them to prepare their defenses in violation of the Sixth Amendment and fails to protect them against subsequent prosecutions for the same offenses in violation of the Fifth Amendment. An indictment is sufficient "if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Dabbs, 134 F.3d 1071, 1079 (11th Cir.1998). Additionally, the Federal Rules of Criminal Procedure require that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." FED.R.CRIM.P. 7(c)(1).

Count One of the Indictment charges that, beginning in about August 2004 and continuing until about April 2005, Defendants:

> aided and abetted by each other, knowingly and willfully combined, conspired, confederated and agreed together and with each other to knowingly and willfully execute and attempt to execute a scheme and artifice:
> (1) to defraud Medicare and Georgia Medicaid; and

These Defendants contend that Count One alleges two separate conspiracies, and must therefore fail. This is the same argument which these Defendants have set forth in much greater detail in their Motion for Severance, and in responding to the duplicity argument of the Bowlins' Motion to Dismiss, the Government simply references its Response to the Bowlins' Motion for Severance. The duplicity issue is thus addressed by the Court's Order on the Bowlin Defendants' Motion for Severance.

(2) to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, or under custody and control of Medicare and Georgia Medicaid; in connection with the delivery of or payments for healthcare benefits, items and services, in violation of Title 18, United States Code, Section 1347; and

(3) to knowingly and willfully offer or pay a remuneration, directly or indirectly, to a person in order to induce that person to purchase, order, or arrange for purchasing or ordering, a service for which payment may be made in whole or in part under a Federal health care program in violation of Title 42, United States Code, Section 1320(a)-7b(b)(2).

(Doc. No. 1, pp. 4-5). In support of this count, under "manner and means," the Government contends that Defendants billed Medicare and Georgia Medicaid for physical therapy services as if they had been provided by a therapist, when in reality, the services were: not performed in a one-on-one setting; not under the direct supervision of a licensed physician; for group exercise services; not medically necessary; and billed for more hours than were actually performed. (Doc. No. 1, pp. 6-7). Thus, the Indictment alleges, Defendants were billing Medicare and Georgia Medicaid for physical therapy services "when, in truth and in fact, as defendants well knew, the services had not been provided and defendants were not entitled to reimbursement." (Doc. No. 1, p. 6). The Government also alleges that patients were offered "free 'trial memberships' to the World Gym to induce and entice Medicare recipients to participate in an exercise program fraudulently funded by Medicare at the conclusion of the free 'trial membership.'" (Doc. No. 1, p. 8). The Indictment lists 113 overt acts allegedly committed in furtherance of the conspiracy.

Count One sufficiently sets forth that Defendants' alleged scheme was designed to deprive the health care programs in question of "money and property," and adequately describes the means by which the scheme was to accomplish this goal.

Count One is sufficient because it identifies the co-conspirators, tracks the elements of the statutes alleged to have been violated, states the estimated time span of the conspiracy, and specifies the claims submitted in execution of the scheme. See United States v. Bobo, 344 F.3d 1076, 1083-84 (11th Cir. 2003) (holding that the indictment must contain a statement of the facts and circumstances of the charges, and that "[t]ypically, an indictment sets forth what the scheme was designed to deprive the victim 'of' and then describes by what means the scheme was designed to be accomplished.") Each count thereafter (Counts 2-105) goes on to enumerate the underlying claims which were allegedly submitted in furtherance of the conspiracy alleged in Count One.

Thus, Defendants have been made aware that they are charged with conspiring with one another to defraud Medicare and Medicaid beginning on or about August 2004 and continuing until about April 2005, as well as with actually submitting false and fraudulent claims to the health care programs during this period and with violating the "anti-kickback statute." Furthermore, there is no risk of double jeopardy, as any future court in which Defendants may be tried "may refer to the entire record of the prior proceeding and [will] not be bound by the indictment alone." United States v. Steele, 178 F.3d at 1230, 1235 (11th Cir. 1999) (citing United States v. Jaswal, 47 F.3d 539, 542-43 (2d Cir.1995)).

### B.    The Anti-Kickback Charge Is Sufficient

Defendants also contend that Count One's charge of conspiracy to violate 42 U.S.C. §§ 1320(a)-7b(b)(2) (the "anti-kickback statute") should be dismissed because an "exercise program," as identified in paragraph 16 of the Indictment, is not a "good, facility, service, or item for which payment may be made under a Federal health care

program" as required by the statute. However, this contention is without merit, as it is clear from the remainder of Count One that the "services" at issue are the exercise programs allegedly fraudulently funded as physical therapy services.

Accordingly, because the Indictment sufficiently affords Defendants the protections of the Fifth and Sixth Amendments, it is recommended that dismissal of the Indictment be **DENIED**.

## II.    Motion for a Bill of Particulars

The Bowlin Defedants' Motion for a Bill of Particulars requests information from the Government concerning:  the "others both known and unknown to the grand jury," who are alleged to have conspired with or aided and abetted Defendants (Doc. No. 1, p. 12); the Medicare and Medicaid regulations or rules violated for each particular alleged fraudulent action, what patients were involved, and how Defendants were involved in each false claim; and the specific manner in which Title 42, the "anti-kickback statute," was violated and the patients involved.  (Doc. No. 32, pp. 3-6).

The Federal Rules of Criminal Procedure provide that "[t]he court may direct the government to file a bill of particulars." FED.R.CRIM.P. 7(f).  The Eleventh Circuit has detailed the purpose of the bill of particulars and the circumstances in which a court may appropriately grant a defendant's request for such:

> The purpose of a true bill of particulars is threefold:  "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted); see also 8 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 7.06[1] (2d ed. 1986). A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information necessary for trial preparation. Generalized discovery, however, is not an appropriate

function of a bill of particulars and is not a proper purpose in seeking the bill. United States v. Colson, 662 F.2d 1389, 1391 (11th Cir.1981).

United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986). The bill of particulars should not force the government to divulge its case theory or all of its evidence, United States v. Hajecate, 683 F.2d 894, 898 (5th Cir. 1982), nor can it be used to obtain the identity of government witnesses or unindicted co-conspirators, Colson, 662 F.2d at 1391.

As determined above, the Indictment in this case is sufficiently specific so as to pass constitutional muster. Furthermore, the Government has filed a Bill of Particulars in response to Defendants' Motion, which provides information as to precisely how each claim referenced in Counts 2 through 83 was allegedly false and fraudulent.[2] It is certainly anticipated that additional information will be provided through ongoing discovery. Accordingly, there is no need for additional particulars at this time, and the Bowlin Defendants' Motion for a Bill of Particulars, as it pertains to information in excess of what has already been provided by the Government, is **DENIED**.

---

[2] The Government's Bill of Particulars identifies five different "fraudulent practices" by which Counts 2 through 83 of the Indictment were allegedly committed. Paraphrasing, the five individual fraudulent practices are: (A) services claimed were not performed directly one-on-one; (B) services claimed were not actually performed; (C) services claimed were not medically necessary; (D) services claimed were not performed under the direct supervision of a licensed physician; and (E) services claimed were "double billed." With regard to each of Counts 2 through 83, the Government has identified which of the five fraudulent practices apply to the submitted claim. Counts 2 through 83 all identify fraudulent practices A, B, C, and D as the alleged means by which the claims were rendered false and fraudulent. Thirty-six (36) of the counts identify E, "double billing," as an additional fraudulent practice involved with these specific claims.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Lentz Defendants' Motion to Dismiss (Doc. No. 50) and the Bowlin Defendants' Motion to Dismiss (Doc. No. 31) be **DENIED**. It is also **ORDERED** that the Bowlin Defendants' Motion for a Bill of Particulars is **DENIED**.

SO ORDERED and REPORTED and RECOMMENDED, this _12th_ day of June, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE