IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. )
)
RANDY S. LENTZ, ) CASE NO. CR406-309
REBECCA J. LENTZ, )
SCOTT T. BOWLIN, and )
KIM A. BOWLIN, )
)
Defendants. )
)

## ORDER

Before the Court are Defendant Randy Scott Lentz's Renewed Brady Motion (Doc. 186) and Defendant Scott Bowlin's Supplemental Brady Motion (Doc. 189).[1] For the reasons that follow, the Motions are **DENIED**.

In their Motions, Defendant Randy Lentz and Scott Bowlin ("Defendants") seek evidence to support a challenge to the United States Probation Office's calculation of the intended loss amount. In its revised Presentence Investigation Reports ("PSIs"), the Probation Office determined that the intended loss amount is in excess of $400,000. The Probation Office arrived at this amount by determining the maximum amount <u>allowed</u> by Medicare for all billed services, rather than the amount actually reimbursed

---

[1] Defendant Scott Bowlin's Motion to Adopt Defendant Randy S. Lentz's Second Reply Brief (Doc. 195) is **GRANTED**.

by Medicare to Defendants.  Defendants have objected to the loss calculation in the PSIs.

Defendants state that, upon information and belief, the Probation Office's intended loss calculation in this case is inconsistent with past positions taken by the Government and the Probation Office in other Medicare/Medicaid fraud cases prosecuted in this District. Defendants believe that in at least two other Medicare fraud cases, including <u>United States v. Bradley</u>, CR405-59 (S.D. Ga. 2006)(J. Edenfield), and <u>United States v. Baty</u>, CR407-11 (S.D. Ga. 2007)(J. Moore), the Probation Office took the position that the intended loss amount in a Medicare fraud case is the amount Medicare actually paid to the defendant.

In an attempt to investigate the alleged inconsistency, Defendants have filed "Brady Motions" seeking the following materials:

1. "Any and all documentation and information revealing how the Government or the United States Probation Office for the Southern District of Georgia has calculated the intended loss for the purposes of sentencing in past Medicare/Medicaid fraud cases prosecuted in this District." (Doc. 186 at 2.)

2. "Any and all cases in which the Government has calculated the program loss to Medicare and Medicaid for sentencing purposes as to the amount paid by Medicare or Medicaid." (<u>Id.</u>)

3. "Any and all documentation and information demonstrating the calculation of loss by Medicare or Medicaid that was exchanged by the United States Attorney's Office for the Southern District of Georgia, to or from, the United States Probation Office for the Southern District of Georgia, in the case of United States v. Bradley, case number 405-59-BAE and United States v. Baty, case number 407-0011." (Doc. 190 at 2.)

Defendants contend that this information is material and exculpatory and that they have demonstrated a compelling need for the disclosure of the requested materials. The Government contends that, despite the terminology used by Defendants, the information they seek is not "Brady material" and is not subject to disclosure.

Under Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), "[t]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment . . . ." A Brady violation has three elements: (1) suppression by the prosecution (2) of exculpatory evidence (3) material to issues at trial or sentencing. Nelson v. Nagle, 995 F.2d 1549, 1555 (11th Cir. 1993). In this case, the Court agrees with the Government that the materials sought are not exculpatory as to any defendant in this case and therefore do not fall within the purview of Brady.

3

Defendants also cite to case law holding that a district court has broad discretion to disclose PSIs. Regarding disclosure of PSIs to third parties, the Eleventh Circuit has stated that "[c]ontrol over these documents is a discretionary matter with the district court." United States v. Gomez, 323 F.3d 1305, 1307 (11th Cir. 2003)("We review the district court's exercise of its discretion to disclose a PSI for an abuse of that discretion."). However, courts are reluctant to provide third parties access to PSIs, and there is a "general presumption that courts will not grant third parties access to the presentence reports of other individuals." Id. at 1307-08 (quoting United States v. Huckaby, 43 F.3d 135, 138 (5th Cir. 1995). Courts have analogized the disclosure of PSIs to the disclosure of grand jury materials. Id. at 1307-08 n.3-4.

Several circuits have adopted a compelling need test for disclosure. The Seventh Circuit has stated that only where a "compelling, particularized need for disclosure is shown should the district court disclose the report; even then, however, the court should limit disclosure to those portions of the report which are directly relevant to the demonstrated need." United States v. Corbitt, 879 F.2d 224, 239 (7th Cir. 1989); see also Huckaby, 43 F.3d at

4

138 (citing Corbitt). Even when such a need is demonstrated, "the district court should take care – usually by way of in camera review – to ensure that the disclosure is limited to 'those portions of the report which are directly relevant to the demonstrated need.'" Gomez, 323 F.3d at 1308 (quoting Corbitt, 879 F.2d at 239). A party to "pending or contemplated litigation," who requires access to a presentence report "to impeach a witness, or to establish an affirmative proposition," would normally meet this need requirement. Corbitt, 879 F.2d at 239-40. The Eleventh Circuit has not specifically adopted the compelling need standard, but it discussed the compelling need test in the Gomez decision and applied it "for the sake of argument." Gomez, 323 F.3d at 1308.

In this case, although Defendants have raised relevant objections to the manner in which the Government has calculated the total intended loss, they have not shown a compelling need for the disclosure of PSIs in past unrelated cases. Defendants have already objected to the method of calculation in the PSIs, and they may raise this issue at the sentencing hearings. The Government may respond, and the Court will consider the issue at that time. But the Court finds that it is unnecessary to

5

disclose confidential PSIs in prior cases in order to fully consider the issue in this case.

Accordingly, the Motions are **DENIED**.

SO ORDERED this 5th day of May, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA